UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 03-091 |
| EARNEST MILLER | SECTION "N" |

## **ORDER AND REASONS**

Defendant Earnest Miller ("Miller") seeks relief pursuant to 28 U.S.C. § 2255, claiming that his sentence was unconstitutional.

### I. **BACKGROUND FACTS**

Miller was convicted by a jury of the following offenses: (1) possession of a firearm after having been convicted of three counts of armed robbery in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); (2) possession with the intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I). The following sentence, enhanced under the Armed Career Criminal Act ("ACCA") and Armed-Career-Criminal-Guideline, 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, was imposed: concurrent prison terms of 262 months as to Count 1 and 240 months as to Count 2; a consecutive 60-month prison term as to Count 3; and concurrent supervised release terms of, respectively, five, three, and five years.

1

Miller appealed his conviction and sentence, which were affirmed on May 16, 2005. See *United States v. Miller,* 142 Fed. Appx. 795, 2005 WL 1140633 (5th Cir. 2005).

On October 23, 2006, Miller filed this motion under 28 U.S.C. § 2255, seeking relief from the sentence imposed.

## II.  ISSUES:  GROUNDS FOR RELIEF SOUGHT

Miller makes the following three arguments, which he believes entitle him to relief with regard to the sentence imposed by this Court:  Miller first contends that this Court's consideration of the drug quantity in the amount of six grams was improper as an enhancement to his sentence. Secondly, Miller argues that any enhancement under the ACCA was also improper in that such facts regarding his previous conviction for armed robbery were not adequately supported by the evidence. Miller argues that both enhancements of his sentence were violative of *United States v. Booker,* 125 S.Ct. 738 (2005), *Blakely v. Washington*, 542 U.S.296, 124 S. Ct. 2531 (2004), *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000), and *Shephard v. United States,* 125 S.Ct. 1254 (2005). Lastly, Miller contends that his counsel, John Craft, rendered ineffective assistance due to his failure to object to the sentence on the aforestated grounds.

## III.  LAW AND ANALYSIS

### A.    The Enhancement Based Upon the Quantity of Cocaine Base

At trial, Miller stipulated that, if Officer Harry O'Neal of the New Orleans Police Department Crime Lab were called to testify, he would have confirmed under oath that the evidence that he tested was, in fact, cocaine base and marijuana and the stipulation referenced a copy of the New Orleans Police Department Crime Laboratory Report, which was offered into evidence without

objection. See R.A., Vol. 2, p. 75. In making his argument now, Miller offers nothing to suggest that this stipulation was unfounded or carelessly entered into, and makes no suggestion whatsoever that either (I) the substance found in his home was *not* cocaine base, or (ii) the substance recovered was *less* than 6.0 grams.

Moreover, Miller raised precisely the same issue before the Fifth Circuit Court of Appeals, which discussed *Apprendi* and *Booker* in considering the sentence imposed on Miller in this case. The Court of Appeals also referenced the stipulation incorporating the aforementioned police report containing the amount of the recovered cocaine base. Of course, it is well settled that issues raised and disposed of in a previous appeal from an original judgment of conviction and/or sentence are not properly considered in motions pursuant to § 2255. See *U.S. Kalish,* 780 F.2d 506, 508 (5th Cir. 1986), *U.S. v. Segler,* 37 F.3d 1131, 1134 (5th Cir. 1994), and *U.S. v. Greer,* 600 F.2d 468, 469 (5th Cir. 1979).

**B.     Enhancement Under the ACCA**

Miller further contends that this Court improperly enhanced his sentence under the ACCA, resting this argument on the United States Supreme Court Opinion in *Shephard v. United States,* 125 S.Ct. 1254 (2005). Once again, the Court notes that Miller stipulated at trial that he had previously been convicted of three counts of armed robbery in Criminal District Court for the Parish of Orleans, State of Louisiana, under Docket No. 347-296 "F." R.A., Vol. 2, p. 74. Based on this stipulation, the government then offered into evidence, without objection, a certified copy of the conviction. On p. 4 of his memorandum herein, Miller seems to suggest that an issue exists because the indictment charged only that he previously had been convicted in a single judicial proceeding of

3

three counts of armed robbery. He suggests that the indictment did not specifically allege that three armed robberies occurred on different occasions, which, he argues, is an element of § 924(e). Thus, according to Miller, the jury did not find, for sentencing purposes, that three armed robberies occurred, and no enhancement of his sentence can be made for that reason. Again, Miller's stipulation at trial, along with introduction of the certified copy of the conviction which clearly sets forth the three armed robberies at issue, is fatal to Miller's argument.

Although Miller relies on *Shephard* in claiming an incorrect enhancement of his sentence under the ACCA, that decision revolves around what evidentiary basis is necessary in order for a court to employ ACCA in enhancing a sentence. In that case, the court found that the evidentiary basis which the government proposed in arguing for an ACCA enhancement was insufficient. In this case, however, no such circumstance exists, as the government offered, and Miller stipulated, to the three convictions of the armed robberies, evidenced by a certified copy of the conviction. Thus, Miller's reliance on *Shephard* herein is misplaced.

Moreover, as stated previously, Miller's argument to the Court of Appeals on these grounds was rejected. Under the jurisprudence cited in connection with the drug amount issue, this Court cannot and will not take up an issue raised and disposed of in a previous appeal from an original judgment of conviction.

### C. Ineffective Assistance of Counsel

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. In *Strickland v. Washington,* 466 U.S. 668 (1984), the Supreme Court established a two-prong test to evaluate ineffective assistance claims. To obtain reversal of a conviction under

the *Strickland* standard, the defendant must prove that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome in the proceeding. A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other. In deciding whether a counsel's performance was ineffective under *Strickland*, a court must consider the totality of the circumstances.

Under the performance prong of *Strickland*, there is a "strong presumption" that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." Courts have declined to characterize counsel's performance as ineffective assistance when counsel acted according to the defendant's restrictions on strategy, when the defendant failed to provide counsel with complete and accurate information, or when counsel refused to "assist[] the client in presenting false evidence or otherwise violating the law."

If prejudice is not presumed,[1] the defendant must show that counsel's errors were prejudicial and deprived defendant of a "fair trial, a trial whose result is reliable." This burden generally is met by showing that the outcome of the proceeding would have been different but for counsel's errors. However, in some cases, the court will inquire further to determine whether counsel's ineffective assistance "deprive[d] the defendant of a substantive or procedural right to which the law entitles him." In the context of a guilty plea, a defendant can satisfy the prejudice prong by demonstrating

---

[1] In interpreting the prejudice prong, the Supreme Court has identified a narrow category of cases in which prejudice is presumed. The presumption applies when there has been an "[a]ctual or constructive denial of the assistance of counsel altogether", when counsel is burdened by an actual conflict of interest, or when there are "various kinds of state interference with counsel's assistance." In these situations, prejudice is so likely to occur that a case-by-case inquiry in unnecessary.

that but for counsel's deficient performance, a reasonable probability exists that the defendant would not have pleaded guilty and would have insisted on a trial. Similarly, in the context of a procedurally defaulted appeal, a defendant can satisfy the prejudice prong by demonstrating that there is a reasonable probability that, but for counsel's deficient failure to consult with defendant about an appeal, defendant would have timely appealed.

In this case, Miller contends that his attorney, John Craft, should have objected to the pre-sentence investigation ("PSI") report, and any sentencing enhancements suggested therein; and failure to do so fell below the requisite standard for effective representation.

To the extent Miller contends that Mr. Craft should not have stipulated as to the cocaine base substance and quantity, and also should not have stipulated to the prior convictions, the Court finds such argument without merit. First of all, stipulations as to such facts are not only routine and expected when such facts are easily demonstrable and incontrovertible. Furthermore, there exists no other evidence cited by Miller with which to dispute or contradict such facts. Accordingly, counsel's entry into such stipulations under these circumstances does not constitute ineffective assistance of counsel, but rather are the actions of a responsible attorney dealing with the evidence in a realistic fashion.

To the extent that Miller argues that his attorney should have objected to the PSI report as to any enhancements on his sentence, such argument also fails. Quite obviously, Miller's counsel had no good faith basis on which to object to the re-statement of such stipulated facts in the PSI report. Secondly, Miller's counsel is not ineffective for failing to raise an objection based upon case law rendered in the future; his conduct in representing his client is held up to the standard based

6

upon the law as it existed at the time of trial. See, e.g., *Lucas v. Johnson,* 132 F.3d 1069 (5th Cir. 1978). Counsel is not chargeable with foreseeing the *Booker* and *Blakely* decisions, and conforming to them well in advance of their rendition.

Lastly, in order to prevail on his claim of ineffective assistance of counsel, Miller must show that there was a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. In this case, the Court can state with some degree of certainty that such objections to enhancements by Miller's attorney would not have resulted in a different sentence. As stated previously, the issues raised by Miller herein with regard to the enhancements were the subject of his appeal, albeit under the "plain error" standard. The Fifth Circuit found that

> [e]ven if the district court plainly erred by enhancing Miller's guideline sentence based on factors not submitted to the jury, Miller cannot prevail on appeal unless he shows that the error affected his 'substantial rights'." *Id.* at 521. This requires him to show that the district court would have reached a 'significantly different result' under an advisory sentencing regime. *Id.* Miller cannot make that showing, because at trial he stipulated that cocaine base was found in his home, and the stipulation referred directly to a police **\*797** report showing that 6.0 grams of the substance was recovered.
>
> \* \* \*
>
> [e]ven if *Booker* did render Miller's ACCA and § 4B1.1 sentence unconstitutional, there is not enough information in the record to justify a conclusion that the district court plainly erred in determining that Miller's armed-robbery convictions were sufficiently separate that they qualified as the 'two prior felony convictions' necessary to support the armed-career-criminal enhancements. *See Mares,* 402 F.3d at 521; U.S.S.G. § 4B1.1.

Accordingly, Miller's argument under *Strickland* that his counsel was ineffective is without merit.

7

## V. CONCLUSION

For the reasons stated herein, Miller's motion filed pursuant to 28 U.S.C. § 2255 is **DENIED**.

New Orleans, Louisiana, this  2nd  day of August, 2007.

_____
**KURT D. ENGELHARDT
United States District Judge**