UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 03-00091 |
| EARNEST MILLER | SECTION: T |

## ORDER

Before the Court are Motions for Compassionate Release and Appointment of Counsel filed by Earnest Miller (R. Doc. 63). The Government has filed a response (R. Doc. 68). Though he was allowed time to file a reply, if any, to the government's response, *see* R. Doc. 71, Mr. Miller has not done so.

As a general rule, federal courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Prior to the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), federal courts lacked the power to adjudicate motions for compassionate release. Now, however, a "court ... may reduce the term of imprisonment" upon request by an inmate. 18 U.S.C. § 3582(c)(1)(A). In the words of the statute, courts may hear requests

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier....

*Id.*

The government requests the Court dismiss Mr. Miller's motion because he has not met the prerequisite exhaustion requirement that permits judicial consideration only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons

1

to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has concluded that this requirement is not jurisdictional but is instead a mandatory claim-processing rule that must be enforced if properly raised by the government. *United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir. 2020).

Here, the government has properly raised the claim-processing rule, though it alternatively contends the Court could deny Mr. Miller's motion for compassionate release on the merits. The Court need not reach the merits of the motion, however. As the government points out, Mr. Miller did not allege that he ever submitted a request to the warden in support of his claim, and the BOP affirmed to the government that no such request had ever been received.[1] Furthermore, though he was given an opportunity to reply to the government's response, he has not done so.

The Court finds Mr. Miller has not satisfied the mandatory claim-processing rule and, therefore, will dismiss the defendant's motion for compassionate release without prejudice. *See United States v. Dinet*, No. CR 18-157, 2020 WL 4544482, at *2 (E.D. La. Aug. 6, 2020) (Milazzo, J.) ("Defendant's motion is not properly before this Court where he has not shown that he either fully exhausted all administrative rights or the lapse of 30 days from the receipt of a request for compassionate release by the warden of his facility.") (quotation marks omitted); *United States v. Vedros*, No. CR 14-237, 2020 WL 2838589, at *2 (E.D. La. June 1, 2020) (Africk, J.) (where inmate alleged he submitted a request but provided no documentation, and BOP had no record of it, motion dismissed without prejudice).

---

[1] The government has provided a copy of its correspondence with the Bureau of Prisons. R. Doc. 68-1, Exhibit A.

For the reasons set forth above,

**IT IS ORDERED** that the Motions for Compassionate Release and Appointment of Counsel filed by Mr. Miller are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 17th day of December 2021.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

Please mail a copy to:
**Earnest Miller**
28310-034
BENNETTSVILLE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 52020
BENNETTSVILLE, SC 29512